IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY SANDINO, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-04364 |
| THE GROUND UP, LLC. | § § | JURY DEMANDED |
| Defendant. | § § § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Roy Sandino, hereinafter referred to as ("Mr. Sandino" or "Plaintiff") for causes of action pleaded below files this Original Complaint of and about Defendant The Ground Up, LLC, hereinafter referred to as ("TGU" or "Defendant"), and will respectfully show unto the Court as follows:

**I.
PARTIES AND SERVICE**

1. Plaintiff, Roy Sandino, is a citizen of the United States and the State of Texas and resides in Houston, Harris County, Texas.

2. Defendant, The Ground Up, LLC, within the State of Texas and operating business in Houston, Harris County, Texas.

3. Defendant The Ground Up, LLC, may be served with process via certified mail return receipt requested by serving its Registered Agent of Service: Grant Williamson, Owner, at 9945 Windfern Rd., Houston, Texas 77064 USA.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statues, namely Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e-2(a)(1); 2000e-3(a); 2000e-5(f)(3) (2012).

5. This suit further arises under Section 1981 of the Civil Rights Act if 1866, as amended, made applicable to Defendant through Section 1983 of the Act. 42 U.S.C. § 1981 (a)-(b).

6. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state law claims that arise under the Texas Commission in Human Rights Act, codified in Chapter 21 of the Texas Labor Code. TEX. LAB. CODE § 21.001 *et seq.* ("TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy, under Article 3 of the United States Constitution.

7. Venue is proper in the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III.
## NATURE OF ACTION

8. This is an action brought pursuant to Ch. 21 of the Texas Labor Code to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's National Origin

Discrimination, and any future possible retaliation under Title VII/TCHRA and the First Amendment.

9. This action is brought pursuant to 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964; and TCHRA on the grounds that Plaintiff was discriminated against on the basis of his national origin (Nicaragua), subjected to a hostile work environment and ultimately, retaliated against for the pursuit of his protected rights, in violation of Title VII. This action seeks to recover damages caused to Plaintiff by Defendant's unlawful and discriminatory employment practices, including damages caused by the retaliation Plaintiff was subjected to after making complaints of discrimination.

10. This action also further seeks to recover damages for Defendant's violation of TCHRA. Specifically, Plaintiff complains that Defendant discriminated against him on the basis of his national origin and retaliated against her for engaging in protected activities. *See* TEX. LAB. CODE § 21.001 *et seq.*

## IV.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. On September 7, 2020, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant TGU for discrimination based on national origin, race, retaliation and hostile work environment (Charge No. 460-2020-05780).

12. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue dated October 6, 2020. Plaintiff files this lawsuit within ninety (90) days of receiving the notice. Therefore, this lawsuit is timely filed.

13. No administrative exhaustion or other conditions precedent are required prior to the filing of claims under 42 U.S.C. § 1983.

## V.
## FACTS

14. Mr. Sandino worked for TGU for more than 11 years and was, undeniably, an asset to the company. Mr. Sandino was a top performing sales representative at TGU that as he proved his skills, Mr. Sandino was promoted to sales account manager and his sales and performance showed he was well qualified for his position.

15. However, his time was cut because of the harassment he endured from Mr. Luis Chamorro ("Mr. Charmorro"), a Vice President of TGU. Mr. Chamorro went above and beyond to make Mr. Sandino's time at TGU difficult.

16. Mr. Chamorro has falsely accused Mr. Sandino of stealing from the company and in order to give his story a veil of credibility, he hired a private investigator and offered bribes to employees of TGU to incriminate Mr. Sandino.

17. Mr. Chamorro has also tried to incriminate Mr. Sandino's son by implicating that he was overloading.

18. He has also threatened Mr. Sandino's son by implying that there was a video tape indicating his wrongdoing which is another lie Mr. Chamorro told everyone.

19. Mr. Sandino knows that private investigators hired by Mr. Chamorro tried to bribe a fired operator with $1,000 and then with $10,000 to change his statement and incriminate Mr. Sandino's son.

20. In another effort, Mr. Chamorro got one of Mr. Sandino's clients involved in his schemes, who also happens to be the biggest client for TGU. Mr. Felipe Santoyo ("Mr. Santoyo"), an owner of SLI and Mr. Sandino's biggest client got upset when he learned that he was used by Mr.

Chamorro to incriminate Mr. Sandino.

21. Unfortunately, Mr. Chamorro has used the same tactic to also push out another employee, Ms. Ericka Garcia, by accusing her of stealing.

22. Mr. Chamorro has targeted specific employees to push them out of the company.

23. TGU has not attempted to remedy the situation or investigate Mr. Chamorro's allegations against the employees nor the bribes towards the employees to create false allegations towards Mr. Sandino and the other employees.

24. These events led to Mr. Sandino's wrongful termination.

25. All was done because TGU could not keep up with Mr. Sandino's daily sales.

## VI.
## RACE DISCRIMINATION
## UNDER CH. 21 OF TEXAS LABOR CODE

26. Plaintiff incorporates by reference the allegations contained in paragraphs above, as if fully rewritten herein.

27. Pursuant to 42 U.S.C. § 2000e-2(a)(1) (emphasis added). The TCHRA executes the policies of Title VII and its amendments. TEX. LAB. Code § 21.001., Plaintiff pleads a cause of action against Defendant for national origin discrimination.

28. As a Hispanic man born in Mexico, Mr. Sandino is a member of a protected class.

29. Mr. Sandino was certainly qualified for his position based on his credentials and performance.

30. Mr. Sandino faced adverse employment action when he was terminated; and, he was treated differently and less favorably than other similarly situated employees that were not Hispanic.

31. Mr. Sandino can easily establish his *prima facie* case of race and national origin discrimination.

5

## VII

## <u>TITLE VII RACE DISCRIMINATION</u>

32. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

33. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race (Hispanic).

34. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of an employment opportunity or adversely affect his status because of Plaintiff's National Origin Discrimination (Hispanic) in violation of Section 21.051 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

35. Defendant discriminated against Plaintiff in the form of differential treatment with regard to employment.

## VIII.
## <u>TCHRA NATIONAL ORIGIN DISCRIMINATION</u>

36. Plaintiff incorporates by reference of all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

37. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his national origin (Hispanic).

38. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of an employment opportunity or adversely

affect his status because of Plaintiff's National Origin Discrimination (Hispanic) in violation of Texas Labor Code, Section 21.051 of the and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## IX.
## RETALIATION
## PURSUANT TO TEXAS LABOR CODE (CH.21) § 21.055

39. Plaintiff incorporates by reference the allegations contained in paragraphs above, as if fully rewritten herein.

40. Mr. Sandino also has a meritorious claim of retaliation pursuant to Title VII of the Civil Rights Act. A *prima facie* case of retaliation under the Title VII requires a showing that: (1) the employee engaged in statutorily protected activity; (2) the employee suffered adverse employment action; and (3) there is a causal connection between the two. Mr. Sandino can show that the protected activity and adverse employment action was not "wholly unrelated."

41. Mr. Sandino intends to exhaust his administrative remedies in accordance with Title VII and the Texas Labor Code by filing a dual charge of race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission–Civil Rights Division within 180-days of his constructive termination of employment. There, the EEOC will TGU to respond to Mr. Sandino's charge and demand information as to the allegations raised in his charge. Ultimately, the EEOC may issue a cause finding in support of Mr. Sandino's allegations and decide to file suit on his behalf. In the alternative, the EEOC may issue Mr. Sandino his Notice of Right to Sue upon request and allow him to proceed with filing suit in federal court.

## X
## TCHRA RETALIATION

42. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs

7

above as if fully set forth herein.

43. Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to the Defendant in violation of the Texas Labor Code § 21.055.

## XI
## SECTION 1981 DISCRIMINATION

44. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

45. The Civil Rights Act of 1866 prohibits intentional discrimination against any individual because of that individual's national origin by guaranteeing the right of every person within the jurisdiction of the United States to "make, perform, modify, or terminate" contracts, including contracts of employment. *See* 42 U.S.C. § 1981, *Manley v. Invesco,* 555 Fed. Appx. 344, 347 (5th Cir. 2014).

46. State-affiliated entities enjoying the extension of state sovereignty to them, like Defendants, that violate the rights guaranteed by Section 1981 can be pursued in courts through Section 1983. See 42 U.S.C. § 1983.

47. Defendant engaged in intentional discrimination against Plaintiff on the basis of Plaintiff's national origin (Hispanic).

48. Defendant acted with malice or, in the alternative, with reckless indifference to the protected rights of Plaintiff.

49. As as result Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer damages.

## XII.
## 42 U.S.C. § 1891 RETALIATION

50. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

51. Defendant's actions in retaliating against Mr. Sandino were undertaken because of his national origin.

52. Defendant's actions constitute a violation of 42 U.S.C. § 1981.

53. Due to Defendant's actions, Mr. Sandino has suffered, and continues to suffer damages, including but not limited to: lost wages; value of fringe benefits; emotional pain; suffering; inconvenience; mental anguish; and loss or enjoyment of life.

54. Defendant's acted with malice or; in the alternative, with reckless indifference to the protected rights of Plaintiff. Defendant's acted with malice or reckless indifference in the rights of Mr. Sandino, thereby entitling her to an award of punitive damages.

## XIII.
## TITLE VII- HOSTILE WORK ENVIRONMENT

55. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

56. Plaintiff was subjected to unwelcome harassment based on her national origin when the Defendant falsely accused the Plaintiff of stealing money from the company.

57. The harassment complained of affected a term, condition or privilege of Plaintiff's employment in that it, among other effects, it affected his ability to succeed at his job and caused him severe emotional distress.

## XIV.
## 42 U.S.C. §1983 HOSTILE WORK ENVIRONMENT

58. Plaintiff incorporates by reference all of the foregoing allegations in each of the

paragraphs above as if fully set forth herein.

59.     Defendant's personally violated Plaintiff's constitutional rights by discriminating against her based on her national origin. Defendant is liable for their actions, which affected a term, condition, or privilege of Plaintiff's employment.

60.     The hostile work environment at TGU is permeated with discriminatory intimidation, ridicule, and insults.

61.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional distress, physical and emotional pain, suffering, inconvenience, mental anguish and other pecuniary and non-pecuniary losses in the amount to be determined at trial.

## XV.
## DAMAGES

62.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a)  Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under the Texas Labor Code.

b)  Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

c)  All reasonable and necessary costs in pursuit of this suit, including attorney's fees pursuant to the Texas Labor Code.

d)  Punitive damages for the racial discrimination and reckless indifference to the state

and federal protected rights of Roy Sandino.

## XV.
## JURY DEMAND

63. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XVI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ROY SANDINO, respectfully prays that Defendant, THE GROUND UP, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted,



Alfonso Kennard, Jr.
Texas Bar No. 24036888
5120 Woodway Dr., Suite 10010
Houston, TX 77056
Main: 713-742-0900
Fax: 713-742-0951
**ATTORNEY FOR PLAINTIFF**